### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

THOMAS ELLINGTON,                    :
                                     :   Civil Action No. 07-708(RMB)
            Petitioner,              :
                                     :
            v.                       :   **OPINION**
                                     :
UNITED STATES OF AMERICA,            :
et al.,                              :
                                     :
            Respondents.             :


**APPEARANCES:**

        THOMAS ELLINGTON, Petitioner <u>pro</u> <u>se</u>
        # L-26799
        Mario Correctional Institution, D-3-211
        P.O. Box 158
        Lowell, FL 32663-0158

**BUMB**, District Judge

        This matter is before the Court on petitioner Thomas

Ellington's application for habeas corpus relief under 28 U.S.C.

§ 2254.  For the reasons set forth below, the petition will be

dismissed.

### I.  <u>BACKGROUND</u>

        Petitioner, Thomas Ellington ("Ellington"), is presently

confined at a state correctional facility in Lowell, Florida.  At

the time he filed this habeas petition, Ellington was no longer

in the custody of the State of New Jersey pursuant to the New

Jersey state court conviction that he challenges in his habeas

petition.

Ellington filed this petition on or about February 9, 2007, while he was confined at the Mario Correctional Institution in Lowell, Florida.  He challenges a judgment of conviction issued by the New Jersey Superior Court, Burlington County, on March 4, 1994, second degree sexual assault in violation of <u>N.J.S.A.</u> 2C:14-2c(1).  He was sentenced by the state court to a custodial term of three years at the New Jersey State Prison, with 523 jail credit.  (Petitioner's Response [Docket Entry No. 8] at Exhibit A).

Ellington does not allege that he filed a direct appeal from this conviction to the New Jersey Appellate Division.  Instead, he alleges that he attempted to file a motion to dismiss the indictment, on or about September or October 1991, because the criminal complaint was untimely and barred by the applicable statute of limitations of five years for said offense.[1]  He was told by his public defender that the motion was not filed because Ellington could not file motions on his own behalf.  Ellington states that this information misled him into believing that he could not file motions on his own at any time in any court. (Petitioner's Response at ¶ 7).

On March 20, 2007, this Court issued an Order to Show Cause directing the petitioner to show cause in writing why his

---

[1]  Petitioner alleges that the dates of the offenses were June, July, and August 1985.  He was not arrested until September 5, 1991, and the indictment was filed on June 7, 1992.

petition should not be dismissed for failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). Ellington filed a response on March 29, 2007, which was received and docketed by the Clerk of the Court on April 2, 2007. Ellington's response fails to provide any factual or legal basis that would meet the "in custody" requirement.

II. <u>STANDARDS FOR SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Ellington brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. <u>See</u>

3

<u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773
F.2d 37, 45 (3d Cir. 1985), <u>cert</u>. <u>denied</u>, 490 U.S. 1025 (1989).

III.   <u>ANALYSIS</u>

Ellington brings his action under 28 U.S.C. § 2254.   Section
2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge,
> or a district court shall entertain an application for a
> writ of habeas corpus in behalf of a person ***in custody***
> pursuant to the judgment of a state court only on the ground
> that he is in custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody"
requirement is liberally construed for purposes of habeas corpus,
a petitioner must be ***in custody*** under the conviction he is
attacking when the petition is ***filed***, in order for this Court to
have jurisdiction.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490-92
(1989).

No court has held that a habeas petitioner is in custody
when a sentence imposed for a particular conviction had fully
expired at the time the petition was filed.  Indeed, the Supreme
Court held that its decision in <u>Carafas v. LaVallee</u>, 391 U.S. 234
(1968) "strongly implies the contrary."  <u>Maleng</u>, 490 U.S. at 491.
In <u>Carafas</u>, the Supreme Court noted that the unconditional
release of petitioner raised a 'substantial issue' as to whether
the statutory 'in custody' requirement was satisfied.  <u>Maleng</u>,
490 U.S. at 491 (*citing* <u>Carafas</u>, 391 U.S. at 238).  The Court

4

ultimately found the in custody requirement was satisfied in
<u>Carafas</u>, not because of the collateral consequences of a
conviction, but due to the fact that petitioner had been in
physical custody pursuant to the challenged conviction at the
time the petition was filed.  <u>Maleng</u>, 490 U.S. at 492 (*citing*
<u>Carafas</u>, 391 U.S. at 238).  Thus, the clear implication of the
Supreme Court's holding is "that once the sentence imposed for a
conviction has completely expired, the collateral consequences of
that conviction are not themselves sufficient to render an
individual 'in custody' for purposes of a habeas attack upon
it."[2]  <u>Maleng</u>, 490 U.S. at 492.

Here, it is evident that the state court conviction and
sentence now challenged by Ellington had fully expired before he
filed for federal habeas relief.  Thus, he is not entitled to
relief under § 2254 and his petition is subject to dismissal for
lack of jurisdiction.

A writ of *error coram nobis* has traditionally been used to
attack convictions with continuing consequences when the
petitioner is no longer "in custody" for purposes of habeas
review.  <u>United States v. Baptiste</u>, 223 F.3d 188, 189 (3d Cir.
2000).  However, the writ of *error coram nobis* is available in

---

[2]  Collateral consequences of a conviction include such
things as the deprivation of the right to vote, to hold public
office, to serve on a jury, or to engage in certain businesses.
<u>See</u> <u>St. Pierre v. United States</u>, 319 U.S. 41 (1943).

federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); <u>Neyor v. I.N.S.</u>, 155 F. Supp.2d 127, 136 (D.N.J. 2001).  Consequently, the Court cannot construe Ellington's petition as a writ of *error coram nobis*.  Instead, petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common law writ of *error coram nobis,* or a petition for post conviction relief, in the state court where he was convicted.

## IV.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

<b><u>CONCLUSION</u></b>

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a).  No certificate of appealability will issue.  An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 5, 2007